UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X
TRAVIS CARLOS,

                                                                                              **COMPLAINT**

                        Plaintiff,

                                                                                           **JURY TRIAL**
                                                                                       **DEMANDED**
                -against-

                                                                                        **ECF CASE**

THE CITY OF NEW YORK, and P.O.s "JOHN DOE" #1-10,
Individually and in their Official Capacities, (the name
"John Doe" being fictitious, as the true names are presently unknown),

                                                             Defendants.
---------------------------------------------------------------------------------X

       Plaintiff, Travis Carlos, by his attorney, Jon L. Norinsberg, Esq., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed.R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff is an African-American male and was at all relevant times a resident of the City and State of New York.

7.     Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9.     At all times hereinafter mentioned, the individually named defendants, P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State

or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## **FACTS**

13.     On or about September 5, 2015, at approximately 11:00 P.M., plaintiff TRAVIS CARLOS was lawfully present at East 137th Street in the County of Bronx, in the City and State of New York.

14.     At the aforementioned time and place, plaintiff TRAVIS CARLOS was lawfully walking when he was approached by defendant police officers.

15.     Defendant police officers then proceeded to search plaintiff TRAVIS CARLOS.

16.     Defendant police officers did not find any contraband, nor any narcotics on plaintiff TRAVIS CARLOS.

17.     Nevertheless, plaintiff TRAVIS CARLOS was arrested and charged with, *inter alia*, Criminal Sale of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Third Degree, and Criminal possession of a controlled substance in the seventh degree.

18.     At no time on September 5, 2015, did plaintiff TRAVIS CARLOS *ever* possess any form of narcotics, much less sell any narcotics to anyone.

19. Thereafter, plaintiff TRAVIS CARLOS was brought to the 40th Police Precinct.

20. In connection with this arrest, defendants filled out false and misleading police reports and forwarded these reports to prosecutors in the Bronx County District Attorney's Office.

21. Plaintiff TRAVIS CARLOS was then transported to Central Booking, where he remained until his arraignment on Monday, September 7, 2015 at approximately 5:00 P.M.

22. At plaintiff TRAVIS CARLOS' arraignment, he was released on his own recognizance.

23. On October 13, 2015, all charges against plaintiff TRAVIS CARLOS were dismissed on motion of the Bronx County District Attorney's Office.

24. As a result of the foregoing, plaintiff TRAVIS CARLOS sustained, *inter alia*, loss of liberty for approximately two (2) days, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

27. All of the aforementioned acts deprived plaintiff TRAVIS CARLOS of the rights, privileges and immunities guaranteed to citizens of the United States by the First,

Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. As a result of defendants' aforementioned conduct, plaintiff TRAVIS CARLOS was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

33. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants misrepresented and falsified evidence before the District Attorney.

36. Defendants did not make a complete and full statement of facts to the District Attorney.

37. Defendants withheld exculpatory evidence from the District Attorney.

38. Defendants were directly and actively involved in the initiation of criminal proceedings against TRAVIS CARLOS.

39. Defendants lacked probable cause to initiate criminal proceedings against plaintiff TRAVIS CARLOS.

40. Defendants acted with malice in initiating criminal proceedings against plaintiff TRAVIS CARLOS.

41. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff TRAVIS CARLOS.

42. Defendants lacked probable cause to continue criminal proceedings against plaintiff TRAVIS CARLOS.

43. Defendants acted with malice in continuing criminal proceedings against TRAVIS CARLOS.

44. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

45. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff TRAVIS CARLOS's favor when all charges against him were dismissed.

46. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FORTH CLAIM FOR RELIEF
### FAILURE TO INTERVENEUNDER 42 U.S.C. §1983

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "46" as if the same were more fully set forth at length herein.

48. Defendant Police Officers had an affirmative duty to intervene to protect the constitutional rights of plaintiff TRAVIS CARLOS from being violated by other police officers in their presence.

49. Defendant Police Officers violated plaintiff TRAVIS CARLOS's constitutional rights in the presence of their police colleagues.

50. Defendant Police Officers had reason to know plaintiff's constitutional rights were being violated.

51. Defendant Police Officers had a realistic opportunity to intervene to prevent the harm from occurring to plaintiff, TRAVIS CARLOS but failed to do so.

52. Notwithstanding this opportunity, Defendant Police Officers failed to intervene to prevent the violations of plaintiff TRAVIS CARLOS's constitutional rights.

53. As a result of the foregoing, plaintiff TRAVIS CARLOS sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "53" as if the same were more fully set forth at length herein.

55. Defendants created false evidence against plaintiff TRAVIS CARLOS.

56. Defendants forwarded false evidence and false information to prosecutors in the Bronx County District Attorney's Office.

57. In creating false evidence against plaintiff TRAVIS CARLOS, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

58. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. The aforementioned individual defendants issued legal process to place plaintiff TRAVIS CARLOS under arrest.

61. The aforementioned individual defendants arrest plaintiff TRAVIS CARLOS in order to obtain a collateral objective outside the legitimate ends of the legal process.

62. The aforementioned individual defendants acted with intent to do harm to plaintiff TRAVIS CARLOS, without excuse or justification.

63. As a result of the foregoing, plaintiff TRAVIS CARLOS sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "63" as if the same were more fully set forth at length herein.

65. Defendants arrested and incarcerated plaintiff TRAVIS CARLOS in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

66. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

67. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

68. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff TRAVIS CARLOS.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff TRAVIS CARLOS as alleged herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffTRAVIS CARLOS as alleged herein.

71. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff TRAVIS CARLOS was incarcerated unlawfully.

72. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff TRAVIS CARLOS.

73. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff TRAVIS CARLOS's constitutional rights.

74. All of the foregoing acts by defendants deprived plaintiff TRAVIS CARLOS of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from seizure and arrest not based upon probable cause;

    C.    To be free from unwarranted and malicious criminal prosecution;

    D.    Not to have cruel and unusual punishment imposed upon him; and

    E.    To receive equal protection under the law.

**WHEREFORE**, plaintiff TRAVIS CARLOS demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       March 31, 2016

BY: _____
JON L. NORINSBERG (JN-2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396